## BATHURST v. COURSE et al.

Where the preamble of a statute declares that doubts have arisen as to the legality of certain ordinances of a police jury, which are inserted at length in the preamble, and the statute declares that the ordinances shall have full force and effect, no objection can be made to their legality on account of the form adopted by the legislature to give them validity.

The validity of an ordinance of a police jury, proved by the testimony of the clerk of the jury to have been duly enacted and promulgated, cannot be effected by the omission of the clerk to transcribe on the minute-book kept for that purpose the proceedings of the meeting at which it was passed. The omission may be corrected at any time, *nunc pro tunc*.

APPEAL from the District Court of Concordia, *Farrar*, J. *R. N.*, and *A. N. Ogden*, for the appellant. *Stacy* and *Sparrow*, for the defendants. The judgment of the court was pronounced by

ROST, J. The plaintiffs have enjoined the sheriff of the parish of Concordia from collecting a tax of five cents per superficial acre, imposed by the police jury of that parish on certain waste lands, owned by them, within its limits. There was judgment against them in the court below, dissolving the injunction with damages, and they have appealed.

The grounds of injunction are these:

1. That the police jury had no power or authority to enact the ordinance of the 17th November, 1841, by virtue of which the tax was assessed.

2. That the discrimination in favor of the riparian proprietors, by which in effect they pay less, by two-thirds, of a tax levied for the general benefit of the parish, than the other inhabitants, would make the ordinance and assessment of the tax under it illegal and unconstitutional, even if it possessed the highest legislative sanction.

3. That the tax was never legally assessed at any certain or fixed rate, and, even if fixed, was nevertheless illegal and unconstitutional.

The ordinances of the 17th and 19th November, 1841, though unauthorized by law at the time of their passage, became binding for all taxes assessed after the promulgation of the act of the 26th March, 1842, by which those ordinances became laws of the State. The forms pursued by the legislature in their adoption, were the same as those used in the adoption of the Louisiana Code and of the Code of Practice.* They present no irregularity which would justify our interference.

---

* The act of 26 March, 1842, ch. 164, is in these words:

" Whereas the police jury of the parish of Concordia did, at the November session of the said jury, in the year 1841, make and ordain two ordinances, in the following words, to wit:

[Here the two ordinances are transcribed at large.]

" And whereas doubts have arisen whether the said jury had the legal power to ordain the same:

Section 1. *Be it enacted by the Senate and House of Representatives of the State*

It is next contended that the ordinance of 1846, by which the tax claimed was assessed, cannot be enforced, because the proceedings of the meeting of the police jury, during which it is alleged to have been passed, were not copied in the minute-book kept for that purpose. This omission is proved. But the clerk of the police jury testifies that, the proceedings of that meeting were correctly copied and made out by him, and signed by the president; that this copy was published both in the Concordia Intelligencer and in pamphlet form, and that the printed copies are true copies of the original proceedings. The neglect to record the proceedings in the minute-book was a misdemeanor on the part of the clerk. This informality may be cured, *nunc pro tunc*, at any time, and cannot affect the validity of ordinances duly passed and published.

The next point relied on by the appellants is, the irreguality of the tax arising from an ordinance passed by the police jury on the 9th of May, 1845, which provides that the riparian proprietors who have, in front of their lands, levées made according to law, shall be entitled to a credit of two-thirds of the levée tax assessed on their lands. If this disposition was found in the ordinance imposing the tax, and it was held to be an entire ordinance, the illegality of a part of it would annull the whole, according to the principle recognized in the case of *Morgan* v. *Municipality No. Two,* 1 Annual Rep. 111. But those dispositions form the subject of two different ordinances, passed in different years, the last of which is in these words: "*Resolved,* That the levée tax for the present year be five cents per acre on all uncultivated lands, and ten cents per acre on cultivated lands; and that it be collected in the same manner as the State taxes are collected by law." It makes no reference whatever to the ordinance of 1845, and cannot be affected by its illegality.

We are not prepared to say that the dispositions of the ordinance of 1845 are a proper exercise of power, or that they do not fall within the exception reserved in the case of *Oakey* v. *The Mayor et al.,* cited at bar, and in the more recent case of *Municipality No. Two* v. *Duncan,* 2 La. Rep. p, 1. 2 Annual Rep. 182.

The broad delegation of plenary and unlimited power to the police jury of this parish, must be understood of course as embracing only such powers as can be rightfully exercised under a government of laws. We incline to the opinion that the partial exemption from taxation of the riparian proprietors attempted by this ordinance, is not such a power. But that question is not before us in such a form as will enable us to pass finally upon it. The parties for whose benefit the ordinance was passed are not before the court.

We are satisfied there is no error in the judgment appealed from.

*Judgment affirmed.*

---

*of Louisiana, in General Assembly convened,* That each and every part of the said ordinances be, and the same is hereby approved and adopted, and declared to have full and legal force and effect, except so far as the same may be amended by other sections and provisions of this act.

Sec. 2. Be it further enacted, &c."